IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE HENSEL, | No. C 05-2411 MMC (PR) |
| Peititoner, | **ORDER TO SHOW CAUSE** |
| v. | |
| MIKE EVANS, | |
| Respondent. | |

On June 15, 2005, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

In 2002, petitioner pled guilty in Napa County Superior Court to charges of committing and attempting to commit a forcible lewd act on a minor. The California Court of Appeal affirmed the judgment, and also denied a petition for a writ of habeas corpus. The Supreme Court of California denied the petition for review of the denial of the petition for a writ of habeas corpus.

**DISCUSSION**

A.  Standard of Review

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.   Legal Claims

Petitioner claims that: (1) his guilty plea was not knowing and voluntary because he was not informed of the consequences of his plea, specifically that he would face a mandatory state prison term pursuant to California Penal Code § 1203.066(a), and consecutive sentencing pursuant to California Penal Code § 667.6; (2) he should be allowed to withdraw his plea on the foregoing grounds; (3) counsel was ineffective in failing to advise him of the foregoing consequences of his plea; and (4) counsel was ineffective in failing to present available mitigating evidence.

The second claim is subject to dismissal, as it does not state independent grounds for relief, but rather reiterates the grounds set forth in the first claim. The remaining claims are, when liberally construed, cognizable.

## CONCLUSION

In light of the foregoing, the Court orders as follows:

1.   The second claim for relief, set forth above is DISMISSED.

2.   The Clerk of the Court shall serve by certified mail a copy of this order and the amended petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

3.   Respondent shall file with the Court and serve on petitioner, within 60 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules

Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of his receipt of the answer.

4. In lieu of an answer, respondent may file, within 60 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of the filing of the motion, and respondent shall file with the Court and serve on petitioner a reply within 15 days of the filing of any opposition.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline which they seek to extend.

IT IS SO ORDERED.

DATED: May 11, 2006

MAXINE M. CHESNEY
United States District Judge

3